UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:  Vonetta Erica Johnson                                    Case No. 17-15714-LMI
                                                                 Chapter 13

_____Debtor/

### DEBTOR'S RESPONSE IN OPPOSITION TO
### MOTION FOR RELIEF FROM AUTOMATIC STAY

Debtor, Vonetta Erica Johnson, files her Response[1] in Opposition to the Creditor's Motion for Relief from Automatic Stay [D.E. 16].

*Brief Background*

The debtor filed the instant Chapter 13 bankruptcy *pro se* on May 5, 2017, to stop the mortgage foreclosure sale of her home. When the state court clerk refused to accept evidence of the bankruptcy filing, the sale proceeded on May 8, 2017. The debtor, proceeding *pro se*, cured all the filing deficiencies[2] cited by the creditor in the stay relief motion. Without the advice of counsel, the debtor incorrectly believed she did not have a right to try to save her home. Accordingly, she filed a Notice of Voluntary Dismissal [D.E. 35]. The debtor has since obtained counsel who withdrew the Notice [D.E. 40]. The debtor respectfully requests the Court deny the Motion for Stay Relief so she may try to save her home by applying for a loan modification through the MMM program.

---

[1] Undersigned counsel conferred with the creditor's counsel who advised there is no objection to the untimeliness of the instant response in light of the fact that this *pro bono* case was just recently undertaken.

[2] The *pro se* debtor filed her certificate of budget and credit counseling [D.E. 19], the chapter 13 plan which provides monthly mortgage payments to the creditor [D.E. 26], schedules A through J [23, 33], statement of financial affairs [D.E. 23], CMI [D.E. 24] and payment advices [D.E. 25].

*The Debtor's Home is Necessary for an Effective Reorganization*

"[M]ost courts have held that in a Chapter 13 case, a debtor's home is necessary for an effective reorganization." *In re Ramos*, 357 B.R. 669, 672 (Bankr. S.D. Fla. 2006) (internal citations omitted). In fact, saving the home was the debtor's sole purpose in filing this bankruptcy. *Grundy Nat'l Bank v. Stiltner*, 58 B.R. 593, 596 n.1 (W.D. Va. 1986) (noting that, "[i]n effect, an irrebuttable presumption is created in a Chapter 13 case as to the debtor's home as necessary to effective reorganization where the debtor's primary purpose in filing the Chapter 13 petition is to save his home"). As the debtor's home is the primary asset sought to be saved, "[i]t is undoubtedly 'necessary to an effective reorganization' to maintain the stay." *Id.* at 595.

*Adequate Protection*

Even where the property is shown to be necessary to an effective reorganization under 362(d)(2), "the automatic stay may be lifted under 362(d)(1) if there is a lack of adequate protection" to the creditor. *In re Classic Printers, Inc.*, 24 B.R. 24, 25 (Bankr. S.D. Fla. 1982). The creditor appears to suggest that it is not adequately protected because there is no equity in the property by relying on the Miami-Dade County Property Appraiser's 2016 valuation of $127,580. However, the Miami-Dade County Property Appraiser's 2017 valuation increased significantly to $167,728, or by more than 25%. *See* Exhibit A. In fact, the property sold at foreclosure auction for $164,100. *See* Exhibit B. Property appraiser and foreclosure auction pricing, however, is often well below actual market value. Zillow estimates the property is worth $215,872. *See* Exhibit C. Although the creditor has not filed a proof of claim, it alleges that the outstanding unpaid principal balance is only $85,194.41 and the state foreclosure final judgment entered for $182,874.39, both below the estimated property value. Accordingly, the Debtor

should be given an opportunity to cure the default by applying for a loan modification through the MMM program.

### *The Movant Lacks Standing to Seek Relief from the Automatic Stay*

"The most basic element required to obtain relief from stay is that a movant have standing to bring and prosecute such a motion." *In re Maisel*, 378 B.R. 19, 21 (Bankr. D. Mass. 2007). "It is the claimant's burden to bring information regarding the relationships between the parties to the Court." *Id.* at 22. In addition to establishing the rights of the creditor, [a] claimant who is the servicer must . . . identify itself as an authorized agent for the holder." *Id.* (citing to *In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)). "In loan securitizations, the real party in interest is the trustee of the securitization trust, not the servicing agent . . . a servicer may be considered a party in interest to commence legal action as long as the trust joins or ratifies the action." *In re Rosenberg*, 414 B.R. 826, 841-42 (Bankr. S.D. Fla. 2009) (dismissing involuntary petition where putative creditor lacked standing to pursue the action).

Here, the creditor appears to be the servicer Fay Servicing LLC. However, the limited power of attorney for the servicer is granted by Ventures Trust 2013-II, by and through Wilmington Saving Fund Society, FSB. This entity is not the plaintiff in the underlying state foreclosure action, U.S. Bank Trust, N.A., as trustee for Volt 2012-NPL1 Asset Holding Trust. This entity is also not the party identified in the assignment of mortgage, Wilmington Trust, N.A., not in its individual capacity, but solely as trustee for MFRA Trust 2014-2. *See* Exhibits B and C, the assignment of mortgage and limited power of attorney, attached to the creditor's Motion for Stay Relief [D.E. 16]. Accordingly, the creditor has failed to establish its standing to seek stay relief.

### *Conclusion*

Because the debtor's home is essential to an effective reorganization and the creditor, assuming it can establish standing, is adequately protected, the Motion for Stay Relief should be denied to permit the debtor to apply for a loan modification through the MMM program to try to save her home.

Respectfully submitted,
LEGAL SERVICES OF GREATER MIAMI, INC.
Attorneys for Debtor
4343 West Flagler Street, Suite 100
Miami, Florida 33134
Telephone/ Facsimile: (305) 438-2401
/s/
Jacqueline C. Ledón, Esq.
Florida Bar No.: 0022719

EXHIBIT A

**EXHIBIT A**



# OFFICE OF THE PROPERTY APPRAISER

## Summary Report

Generated On : 7/10/2017

| Property Information | |
|---|---|
| Folio: | 34-2115-003-6760 |
| Property Address: | 15945 NW 20 AVE<br>Miami Gardens, FL 33054-2031 |
| Owner | CAMILO A DAGER |
| Mailing Address | 4135 W 5 LN<br>HIALEAH, FL 33012 USA |
| PA Primary Zone | 0100 SINGLE FAMILY - GENERAL |
| Primary Land Use | 0101 RESIDENTIAL - SINGLE FAMILY : 1 UNIT |
| Beds / Baths / Half | 4 / 2 / 0 |
| Floors | 1 |
| Living Units | 1 |
| Actual Area | Sq.Ft |
| Living Area | Sq.Ft |
| Adjusted Area | 1,626 Sq.Ft |
| Lot Size | 9,000 Sq.Ft |
| Year Built | 1951 |

| Assessment Information | | | |
|---|---|---|---|
| Year | 2017 | 2016 | 2015 |
| Land Value | $37,544 | $25,880 | $22,234 |
| Building Value | $130,184 | $101,700 | $94,431 |
| XF Value | $0 | $0 | $0 |
| Market Value | $167,728 | $127,580 | $116,665 |
| Assessed Value | $140,338 | $127,580 | $66,917 |

| Benefits Information | | | | |
|---|---|---|---|---|
| Benefit | Type | 2017 | 2016 | 2015 |
| Save Our Homes Cap | Assessment Reduction | | | $49,748 |
| Non-Homestead Cap | Assessment Reduction | $27,390 | | |
| Homestead | Exemption | | | $25,000 |
| Second Homestead | Exemption | | | $0 |
| Senior Homestead | Exemption | | | $41,917 |
| Long-Term Resident Senior | Exemption | | | $0 |

Note: Not all benefits are applicable to all Taxable Values (i.e. County, School Board, City, Regional).

| Short Legal Description |
|---|
| BUNCHE PARK PB 50-20 |
| LOT 22 BLK 26 |
| LOT SIZE SITE VALUE |
| OR 19223-2683 0600 5 |
| F/A/U 30-2115-003-6760 |



| Taxable Value Information | | | |
|---|---|---|---|
| | 2017 | 2016 | 2015 |
| County | | | |
| Exemption Value | $0 | $0 | $66,917 |
| Taxable Value | $140,338 | $127,580 | $0 |
| School Board | | | |
| Exemption Value | $0 | $0 | $25,000 |
| Taxable Value | $167,728 | $127,580 | $41,917 |
| City | | | |
| Exemption Value | $0 | $0 | $66,917 |
| Taxable Value | $140,338 | $127,580 | $0 |
| Regional | | | |
| Exemption Value | $0 | $0 | $41,917 |
| Taxable Value | $140,338 | $127,580 | $25,000 |

| Sales Information | | | |
|---|---|---|---|
| Previous Sale | Price | OR Book-Page | Qualification Description |
| 05/25/2017 | $164,100 | 30553-4363 | Federal, state or local government agency |
| 04/01/2007 | $0 | 25606-2482 | Sales which are disqualified as a result of examination of the deed |
| 06/01/2000 | $0 | 19223-2683 | Sales which are disqualified as a result of examination of the deed |

EXHIBIT B

**EXHIBIT B**

# IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

U S Bank Trust N A,
Plaintiff(s) / Petitioner(s)

VS.

Johnson, Virginia P,
Defendant(s) / Respondents(s)

GENERAL JURISDICTION DIVISION
Case No: 2013-036076-CA-01
Section: (Section, CA 20)

## CERTIFICATE OF SALE

**The undersigned clerk** of the court certifies that notice of public sale of the property described in the Order or Final Judgment was published in The Daily Business Review, a newspaper circulated in Miami-Dade County, Florida, in the manner shown by the proof of publication attached, and on May 08, 2017, the property was offered for public sale to the highest and best bidder for cash. The highest and best bid received for the property in the amount of $164,100.00 was submitted by:

CAMILO A DAGER

to whom the property was sold. The proceeds of the sale are retained for distribution in accordance with the order or final judgment or law.

WITNESS my hand and the seal of this court on May 11, 2017.

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

Rev. 10/5/2009

1

## Certificate of Service

**The Undersigned Clerk** of the court certifies that a copy of hereof of the Certificate of Sale for Civil Case No. 2013-036076-CA-01 was mailed on 05/11/2017 to:

CONNOLLY, GEANEY, ABLITT & WILLARD, PC.
THE BLACKSTONE BUILDING
100 SOUTH DIXIE HIGHWAY, SUITE 200
WEST PALM BEACH, FL 33401

VIRGINIA P. JOHNSON
15945 NW 20TH AVE
OPA LOCKA, FL 33054

WITNESS my hand and the seal of this court on May 11, 2017.

Harvey Ruvin, Clerk of Courts
Miami-Dade County, Florida

2

EXHIBIT C

**EXHIBIT C**

CORRECT HOME FACTS　♡ SAVE　✉ SHARE　⊘ HIDE　MORE ▾　↗ EXPAND　✕ CLOSE

**Public View**　　Owner View



Want to know when your home value goes up? Claim your Owner Dashboard!

🏠 15945 NW 20th Ave　　▲ ?%

I'm the owner. Show me!



✕ .4 · Bunche Park · 15945 Northwest 20th Avenue

## 15945 NW 20th Ave, Opa Locka, FL 33054

4 beds · 1 bath · 1,626 sqft  Edit

Edit home facts for a more accurate Zestimate.

**OFF MARKET**

Zestimate®: **$215,872**

I disagree

Rent Zestimate®: $1,890 /mo

Est. Refi Payment

$820/mo
 ▾
See current rates

### Home Shoppers are Waiting

53 shoppers are looking in your neighborhood and price range.

👤 Your name
📞 Phone
✉ Email

I own this home and would like to ask an agent about selling

Contact Agent

Or call 305-974-1304 for more info

15945 NW 20th Ave, Opa Locka, FL is a single family home that contains 1,626 sq ft and was built in 1951. It contains 4 bedrooms and 1 bathroom. This home last sold for $62,500 in May 2007.